815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen P. SMITH (widow of James R. Smith), Petitioner-Appellant,
v.
ISLAND CREEK COAL COMPANY, Old Republic Companies, Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Benefits
Review Board, Respondents-Appellees.
 No. 86-3119.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before LIVELY, Chief Judge; RYAN, Circuit Judge; and PORTER, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from denial of black lung benefits to the widow of a deceased coal miner. The miner, Russell Smith, first filed for benefits under the Black Lung Benefits Act on August 28, 1975. Prior to quitting work Mr. Smith had been treated surgically for cancer of the colon and he died September 27, 1977 at age 49. An autopsy report noted the presence of pneumoconiosis, but concluded that Mr. Smith's death was caused by cancer.
 
 
 2
 Benefits were initially awarded, but the responsible operator, Island Creek Coal Company, requested a hearing before an administrative law judge who ultimately denied benefits. This decision was affirmed by the Benefits Review Board and the petitioner sought review in this court.
 
 
 3
 The administrative law judge found that since Mr. Smith had more than ten years of coal mine employment, had filed at a time when an interim presumption applied and was shown by the autopsy report to have pneumoconiosis, there was a presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a). However, the ALJ went on to determine that the employer had successfully rebutted the presumption by showing that Mr. Smith's disability did not arise in whole or in part out of coal mine employment, a permissible means of rebuttal under 20 C.F.R. Sec. 727.203(b). This court has held that when pneumoconiosis contributes to a coal miner's disability, he is conclusively entitled to benefits. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 105 S.Ct. 2357 (1985). On the basis of conflicting medical evidence, the ALJ in the present case found that pneumoconiosis was not a contributing cause to Mr. Smith's disability. The petitioner contends that this finding is not supported by substantial evidence on the record as a whole, while the respondent contends that the finding does have such support.
 
 
 4
 When there is a genuine conflict in the evidence as to the cause of disability, it is for the Benefits Review Board, not this court, to resolve the conflict. If the decision doing so is supported by substantial evidence, the decision of the Board must be upheld. Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the finding of the ALJ, adopted by the Benefits Review Board, that pneumoconiosis did not contribute to Mr. Smith's disability is supported by substantial evidence. Accordingly, the petition for review is denied and the order of the Benefits Board is affirmed.
 
 
 
 *
 The Honorable David Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation